UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHRISTY A. L., )
)
      *Plaintiff* )
)
v. ) No. 2:18-cv-00260-JDL
)
ANDREW M. SAUL, )
*Commissioner of Social Security,*[1] )
)
      *Defendant* )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ lacked the legal authority to decide this case because she was improperly appointed and, in any event, she erred in weighing the opinion evidence and evaluating the plaintiff's testimony concerning her symptoms and limitations. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 19) at 5-12. I reject the plaintiff's challenge to the ALJ's authority, find no reversible error on her part, and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2019, Finding 1, Record at 15; that she had the severe impairments of diabetes mellitus type II, recurrent uterine fibroids, chronic obstructive pulmonary disease ("COPD"), anxiety, bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), and obesity, Finding 3, *id*. at 16; that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could only lift and carry up to 20 pounds occasionally and 10 pounds frequently, required an option to sit or stand at her discretion throughout the workday, could only occasionally climb ramps or stairs, could never be subjected to ladders, ropes, scaffolds, unprotected heights, fumes, gases, or extreme temperatures, required a low-stress, non-production-paced environment with only occasional interaction with the public, and could be expected to be off task for up to 10 percent of the workday, Finding 5, *id*. at 19; that, considering her age (39 years old, defined as a younger individual, on her alleged disability onset date, April 30, 2014), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 25; and that she, therefore, had not been disabled from April 30, 2014, her alleged onset date of disability, through the date of the decision, September 6, 2017, Finding 11, *id*. at 26-27. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Appointments Clause Challenge

The plaintiff first contends that remand is warranted because the ALJ who decided his case lacked the authority to do so pursuant to *Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044, 2055 (2018). *See* Statement of Errors at 5-8. In *Lucia*, the Supreme Court concluded that ALJs at the Securities and Exchange Commission ("SEC") were officers of the United States subject to appointment pursuant to the Appointments Clause of the United States Constitution, entitling the petitioner, who had timely challenged the validity of the ALJ's appointment before the SEC, to a new hearing before a different, constitutionally appointed ALJ. *See Lucia*, 138 S. Ct. at 2055.

The plaintiff acknowledged that she had not raised any objection to the ALJ's lack of authority pursuant to the Appointments Clause during administrative proceedings and that several courts had summarily rejected an identical challenge in the Social Security context on the basis

3

that the claimant had forfeited the point by failing to raise it before the ALJ. *See* Statement of Errors at 6-7. However, she urged this court to follow *Muhammad v. Berryhill*, CIVIL ACTION NO. 18-172 (E.D. Pa. Nov. 2, 2018) (rec. dec.) (copy attached as ECF No. 19-2 to Statement of Errors), in which a United States Magistrate Judge had recommended that a Social Security claimant's bid for remand on the same basis be allowed to proceed despite his failure to raise the point at the administrative level. *See id*. at 6-8. As the commissioner observes, *see* Statement of Supplemental Authority (ECF No. 27), on May 23, 2019, the United States District Court for the Eastern District of Pennsylvania overruled that recommended decision, *see Muhammad*, _ F. Supp. 3d _, CIVIL ACTION NO. 18-172, 2019 WL 2248694 (E.D. Pa. May 23, 2019), undermining the plaintiff's request for remand on this basis as articulated in her statement of errors.

Prior to oral argument, the plaintiff also submitted a statement of authorities citing four cases deciding this issue in her favor, three in the context of Social Security appeals. *See* Statement of Supplemental Authorities (ECF No. 25) (citing, *inter alia*, *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019), *appeal docketed*, No. 19-1773 (3d Cir. Apr. 17, 2019), *Cirko ex rel. Cirko v. Berryhill*, CIVIL ACTION NO. 1:17-CV-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019), *appeal docketed*, No. 19-1772 (3d Cir. Apr. 10, 2019), and *Mann v. Berryhill*, 4:18-CV-3022, 2018 WL 6421725 (D. Neb. Dec. 6, 2018)). Those authorities do not sufficiently swing the pendulum in her favor.

In *Bizarre*, the United States District Court for the Middle District of Pennsylvania held that the plaintiff/claimant was not "required to raise his [Appointments Clause] constitutional claim before the ALJ or the Appeals Council in the first instance" but that, even if there was "an administrative exhaustion requirement for Appointments Clause challenges in every case, the nature of the Social Security Administration and its review process, combined with the general

preference for disposition of such constitutional questions by federal courts rather than federal agencies, support an exercise of our discretion under Freytag [v. Comm'r of Internal Revenue, 501 U.S. 868 (1991),] to remand this case for rehearing before a constitutionally appointed ALJ." *Bizarre*, 364 F. Supp. 3d at 425. In *Cirko*, decided the same day, the court incorporated by reference its reasoning in *Bizarre*. *See Cirko*, 2019 WL 1014195, at *1.

The *Bizarre* court acknowledged that, in so ruling, it had "part[ed] with the majority of district courts to confront this issue[.]" *Bizarre*, 364 F. Supp. 3d at 424 n.4. However, it noted that it was "not alone in finding merit in this approach[,]" a proposition for which it cited *Mann* and three then-pending recommended decisions, including *Muhammad*. *Id*. (citing *Fortin v. Comm'r of Soc. Sec*., Civil Action No.: 18-10187, 2019 WL 421071 (E.D. Mich. Feb. 1, 2019) (rec. dec.), *Muhammad* (rec. dec.), and ECF No. 12, *Godschall v. Comm'r of Soc. Sec*., No. 2:18-1647 (E.D. Pa. Nov. 2, 2018) (rec. dec.)). The recommended decisions in *Fortin* and *Godschall*, like that in *Muhammad*, since have been rejected either *in toto* or insofar as they bear on the issue of the need to raise an Appointments Clause issue at the administrative level. *See Fortin*, 372 F. Supp. 3d 558, 562-68 (E.D. Mich. 2019), *appeal docketed*, No. 19-1581 (6th Cir. May 24, 2019); ECF No. 23, *Godschall* (E.D. Pa. May 23, 2019) (incorporating by reference court's reasoning in *Muhammad*).

While, insofar as appears, neither the First Circuit nor any other United States Court of Appeals has to date weighed in on this issue in a Social Security context, "[t]he vast majority of [United States district] courts" recently have ruled "that a social security claimant may not raise an appointments clause challenge for the first time upon appeal to a federal court." *Peterman v. Berryhill*, Civil Action No. 18-13751, 2019 WL 2315016, at *11 (D.N.J. May 31, 2019). These courts have roundly and persuasively rejected arguments similar to those made by the plaintiff

here that, (i) pursuant to *Sims v. Apfel*, 530 U.S. 103 (2000), a Social Security claimant need not exhaust issues at the administrative level to raise them on appeal, (ii) pursuant to *Freytag*, any forfeiture should be excused, and (iii) it makes little sense to require a Social Security claimant to raise this issue before an ALJ who is powerless to resolve it. *Compare, e.g., Muhammad*, 2019 WL 2248694, at *2-7; *Fortin*, 372 F. Supp. 3d at 562-68; *Peterman*, 2019 WL 2315016, at *11-12 *with* Statement of Errors at 6-8. In the absence of controlling authority, I recommend that the court adopt this reasoning and reject the plaintiff's request for remand on this basis.[3]

### B. Challenge to Weighing of Opinion Evidence

The plaintiff next asserts that the ALJ erred in weighing the opinions of treating nurse practitioner Nichole Kelly, N.P., and agency examining consultant Donna P. Gates, Ph.D. *See* Statement of Errors at 9-10. I find no error.

The plaintiff contends that the ALJ erroneously partially discounted the Kelly opinion on the sole basis that N.P. Kelly's assessed limitations were unsupported by objective medical evidence and seemingly heavily based on the plaintiff's subjective complaints. *See id*. She argues that the error was not harmless because the ALJ acknowledged that the opinions of agency nonexamining consultants did not adequately account for her limitations and went on to assess additional limitations based on her own impermissible layperson's interpretation of the raw medical evidence. *See id*. at 10.

---

[3] As the commissioner acknowledges, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 22) at 9, in *Freytag*, the Supreme Court characterized the petitioners' challenge as "one of those rare cases" in which the Court should exercise discretion to hear a non-exhausted constitutional argument, *Freytag*, 501 U.S. at 879. However, this case does not qualify as rare. The plaintiff suggests that he could not have raised his claim prior to the issuance of *Lucia* on June 21, 2018. *See* Statement of Errors at 6. However, as the commissioner observes, *see* Opposition at 11 n.5, he waited until the filing of his statement of errors on November 14, 2018, to do so. In any event, as the commissioner argues, *see id*. at 11-12, the better-reasoned authorities have rejected the argument that Social Security claimants generally should be excused for pre-*Lucia* failures to raise Appointments Clause challenges at the administrative level, *see, e.g., Muhammad*, 2019 WL 2248694, at *6 ("To be sure, *Lucia* may have shown that such challenges (provided they are timely brought) could succeed; but as *Freytag* and *Ryder* [*v. United States*, 515 U.S. 177 (1995)] show, that was not a novel concept.") (footnote omitted).

As the commissioner observes, *see* Opposition at 15, the plaintiff fails to explain how the ALJ erred in discounting N.P. Kelly's opinion on the above-stated basis, thereby waiving the point, *see, e.g., United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (citations omitted).

The plaintiff next contends that the ALJ erred in developing her own definition of "low-stress work" based on Dr. Gates' observation that the plaintiff likely could "'manage a mild level of work related stress[.]'" Statement of Errors at 10 (quoting Record at 24, 528). However, as the commissioner rejoins, *see* Opposition at 17, there is little perceptible difference between Dr. Gates' verbiage and the ALJ's finding that the plaintiff required "a low stress, non-production pace environment[,]" Finding 5, Record at 19.

At oral argument, the plaintiff's counsel further complained that the ALJ's finding that his client would be off task 10 percent of the time was unsupported by any expert opinion of evidence of record and at odds with N.P. Kelly's finding that she would likely be off task for 25 percent or more of the workday. *See* Record at 24, 746. Counsel for the commissioner rejoined that this point was waived for failure to raise it in the statement of errors. *See, e.g., Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted). She argued, in the alternative, that the ALJ properly rejected N.P. Kelly's

7

finding and assessed a limitation more favorable to the plaintiff than the remaining evidence would otherwise support.

The commissioner has the better argument. Even assuming, *arguendo*, that the point is not waived, the ALJ fairly can be said to have given the plaintiff the benefit of the doubt in making some allowance for time off task. The ALJ explained that, although she discounted N.P. Kelly's "extreme limitations" as unsupported by the objective medical evidence and seemingly based on the plaintiff's subjective complaints, she had included in her RFC determination "a *recognition* that medical or mental health conditions *may result* in the [plaintiff] being off task up to 10% of any given workday." Record at 24 (emphasis added). That is not reversible error. *See, e.g., Lee v. Berryhill*, No. 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018) ("In circumstances in which an ALJ supportably rejects a treating physician opinion but otherwise gives the claimant the benefit of the doubt by adopting an RFC more favorable to the claimant than those set forth in expert opinions on which the ALJ otherwise could have relied, remand is unwarranted.").[4]

### C. Challenge to Evaluation of Plaintiff's Subjective Statements

The plaintiff, finally, contends that, in violation of Social Security Ruling 16-3p ("SSR 16-3p"), the ALJ disregarded her statements concerning the intensity, persistence, and limiting effects of her symptoms solely because they were not substantiated by the objective medical

---

[4] While the ALJ disagreed with agency nonexamining consultants Brian Stahl, Ph.D., and David Houston, Ph.D., that the plaintiff's mental impairments were nonsevere, explaining that "the weight of this record confirms that the conditions of bipolar and anxiety would cause more than a minimal effect on the ability to engage in work-activities," she made clear that she agreed with them that the plaintiff's "psychological impairments [we]re not disabling[.]" Record at 24. She did not indicate that either the Stahl or Houston opinion was undermined by later-submitted evidence that they did not see. *See id.*; *compare, e.g., Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *8 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017) (ALJ did not give claimant benefit of the doubt when she "herself deemed the agency nonexamining consultants' opinions less than fully credible on the basis that they lacked the benefit of review of material-later submitted evidence[,]" and she "interpreted raw medical evidence to fill in that gap").

8

evidence.  *See* Statement of Errors at 10-12.  As the commissioner rejoins, *see* Opposition at 18-19, that was not the case.  The ALJ cited a number of other factors, including improvement with medication, gaps in treatment, noncompliance with treatment, and conservative treatment.  *See* Record at 21-23.

Remand, accordingly, is unwarranted on the basis of this final point of error.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 19th day of June, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge